UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SARAH SALEM-ROBINSON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RICHARD WOLF MEDICAL INSTRUMENTS CORPORATION, et al.,<br><br>    Defendants. | Case No.  5:14-cv-02209-EJD<br><br>**ORDER CONTINUING TRIAL SETTING CONFERENCE** |

The above-entitled action is scheduled for a Trial Setting Conference on December 10, 2015. Having reviewed the parties' Joint Trial Setting Conference Statement (Docket Item No. 31), the court orders as follows:

1.  On September 23, 2014, the court issued a Case Management Order ("CMO") which largely adopted the scheduling deadlines requested by the parties. See Docket Item No. 19. Having not received anything further after the CMO issued, the court presumed the parties were litigating this action according to the deadlines. However, over a year later - on November 10, 2015 - the parties filed a stipulation and proposed order which revealed to the court, for the first time, that they "had foregone individual discovery in this case" while awaiting a ruling from the Judicial Panel for Multi-District Litigation ("JPMDL").

The parties' decision to impose their own stay of the scheduling deadlines, without involving the court in that matter, was improper. Indeed, although it well-known that "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril," that is exactly what occurred here. Johnson v. Mammoth Recreations, 975 F.2d 604, 610 (9th Cir. 1992). The parties provided no valid explanation for

1

Case No.: 5:14-cv-02209-EJD
ORDER CONTINUING TRIAL SETTING CONFERENCE

United States District Court
Northern District of California

their failure to request a stay from the court or otherwise notify the court of the pending proceeding before the JPMDL.[1]  It was for that reason that their request for a wholesale modification of the CMO was denied.  And because the parties still have not provided an adequate explanation for their failure to keep the court "in the loop," that decision will not be reconsidered now.

2.  That said, and without excusing the parties' conduct, the court extends the deadline for completion of fact discovery only from January 15, 2016, to **April 29, 2016**.  All other deadlines contained in the CMO will remain unchanged.  While this should go without saying, the court expects full compliance with all deadlines.

3.  In addition, the court notes the parties also failed to comply with the CMO's order regarding ADR.  They must do so now, regardless of whether they believe the case is inappropriate for ADR at this time.  Accordingly, the parties shall meet and confer further in order to reach an agreement on an ADR process within 10 days of the issuance of this order.  Within that same timeframe, the parties shall either (1) file the form entitled "Stipulation and (Proposed) Order Selecting ADR Process" if an agreement is reached, or (2) file the form entitled "Notice of Need for ADR Phone Conference."

4.  Given the extension of fact discovery, the Trial Setting Conference is CONTINUED to **11:00 a.m. on March 31, 2016.**  The parties shall file an updated Joint Trial Setting Conference Statement on or before **March 21, 2016.**

**IT IS SO ORDERED.**

Dated:  December 8, 2015

_____
EDWARD J. DAVILA
United States District Judge

---

[1] Notably, the parties wrote in their Joint Case Management Conference Statement filed on September 19, 2014, that "[t]he case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation."